# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KERRI STERLING,** | Civil Action No.: |
| Plaintiff, | |
| v. | |
| **DIVERSIFIED CONSULTANTS, INC.,** | |
| Defendant. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, KERRI STERLING ("Plaintiff"), by and through her attorneys, Kurz Law Group, LLC, alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 15 U.S.C. § 1692k(d), which

states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Georgia therefore personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Warner Robins, Houston County, Georgia.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. Defendant is a debt collection company with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida 32256.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

9. Debt collection is the principal purpose of the Defendant's business.

10. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

12. Plaintiff has a cellular telephone number.

13. Plaintiff has only used this number as a cellular telephone number.

14. At all relevant times Defendant was seeking to collect one or more alleged consumer debts from Plaintiff.

15. Plaintiff does not have any business debts, so the debt or debts that Defendant has been contacting Plaintiff about could only have been incurred for personal, family, or household purposes.

16. Beginning in or before March 2017 and continuing through May 2017, Defendant called Plaintiff's cellular telephone number repeatedly to collect a consumer debt or debts from her.

17. Defendant's collectors called Plaintiff from telephone numbers including, but not limited to, 706-426-5124 and 706-780-5870. The undersigned has confirmed that this number belongs to Defendant.

18. Shortly after calls started, Plaintiff told Defendant to stop calling, but the Defendant continued to call repeatedly.

19. Plaintiff told Defendant to stop calling several more times and Defendant still continued to call repeatedly.

20. In response to one of Plaintiff's requests to stop calling, Defendant told Plaintiff that it had to call to collect the debt.

21. Defendant also called Plaintiff repeatedly during work hours, even though she told them she was a teacher and could not receive calls when working.

22. Defendant would often call Plaintiff up to several times a week and sometimes several times in a single day.

23. Plaintiff found Defendant's repeated calls to be frustrating, annoying, harassing, invasive, and upsetting.

24. Upon information and belief, Defendant conducts business in a manner which violates the Fair Debt Collection Practices Act.

## COUNT I
## DEFENDANT VIOLATED § 1692d OF THE FDCPA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. Defendant violated § 1692d when it placed repeated and continuous harassing telephone calls to Plaintiff starting in or before March 2017 and continuing through May 2017 despite being informed that she found the calls harassing and wanted them to stop.

## COUNT II
## DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA

28. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

30. Defendant violated § 1692d(5) when it placed repeated and continuous harassing telephone calls to Plaintiff between March 2017 and May

2017, that were excessive under all the circumstances and knowing its calls were unwanted.

## COUNT III
## **DEFENDANT VIOLATED § 1692c(1) and § 1692c(3) OF THE FDCPA**

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. A debt collector violates § 1692c(1) by communicating with a consumer in connection with the collection of any debt at any time or place known or which should be known to be inconvenient to the consumer.

33. A debt collector violates § 1692c(3) by communicating with a consumer in connection with the collection of any debt at the consumers' place of employment if the debt collector knows or has reason to know that the consumers' employer prohibits the consumer from receiving such communication.

34. Defendant placed repeated calls to Plaintiff's cellular telephone during normal work hours (between 9 a.m. and 5 p.m.) starting in or before March 2017 and continuing through May 2017.

35. Defendant knew or should have known calling during work hours was inconvenient for the Plaintiff as she informed Defendant she was a teacher and could not take calls while at work.

WHEREFORE, Plaintiff, KERRI STERLING respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, KERRI STERLING, demands a jury trial in this case.

Dated: Jan. 26, 2018          Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz, Esq.
Georgia Bar No.: 430489
Kurz Law Group, LLC
1640 Power Fry Road, Bldg. 17, Ste. 200
Marietta, GA 30067
Phone: (678) 264-8003
dennis@kurzlawgroup.com
**Attorney for Plaintiff**